WILBRA E. BILLINGS *vs.* FRANK E. BEGGS.

Knox.    Opinion October 4, 1915.

*Buildings.    Consideration.    Deed.    Evidence.    Exception.*
*Title.    Trover.*

Action of trover for the value of a dwelling house now standing on the lot of land in Vinalhaven, on which it was built. The lot, containing only 7500 feet, was conveyed to Rufus A. Coombs in 1872 and he built the dwelling house thereon. March 1, 1876, after the house was built, Coombs gave a warranty deed of the land to Moses Webster. That deed recited a consideration of $100, and contained the following clause immediately after the description of the land: "This consideration does not include the buildings standing thereon." The title to the land has passed to the defendant. The plaintiff claims title to the dwelling house under a bill of sale of it from the widow and children of Coombs dated November 25, 1913. His contention is that the house was excepted from the conveyance to Webster under the clause quoted, and the construction of that clause is the real question presented.

*Held:*

1.  Where the language in a deed claimed to have been used to make an exception or reservation, is doubtful, it is to be construed most strictly against the grantor and most favorable for the grantee.
2.  If a grantor does not intend for a dwelling house to pass under his conveyance of the land on which it is built, and of which it forms a part, it is incumbent upon him to so provide in his deed by language free from doubt and uncertainty.
3.  Where a deed of real estate contained the following clause immediately after the description of the land: "This consideration does not include the buildings standing thereon," with nothing further to indicate the purpose of its insertion, the literal meaning of the clause cannot be disregarded and a strained construction given to it as expressing an intention of the parties to the conveyance that the title to the dwelling house on the land conveyed did not pass to the grantee.
4.  Contemporaneous entries made in the books of a large business corporation, regularly kept in the ordinary course of its business, by a person now deceased, whose duty it was to make the entries, and who had knowledge of the subject matter of the entries, and whose situation excludes all presumption of his having any interest to misrepresent the

facts by false entries, are admissible as original evidence of the facts so recorded.

On exceptions by plaintiff.   Exceptions overruled.

This is an action of trover, in which plaintiff seeks to recover the value of a building situate in the town of Vinalhaven, Knox county.   Plea, general issue.   The defendant was allowed to introduce in evidence the books of the Bodwell Granite Company, to which admission of said books the plaintiff excepted.

The case is stated in the opinion.

*Frank B. Miller,* for plaintiff.

*Arthur S. Littlefield,* for defendant.

SITTING:   SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, JJ.

KING, J.   Action of trover for the value of a dwelling house now standing on the lote of land in Vinalhaven on which it was built. The lot, containing only 7500 feet, was conveyed to Rufus A. Coombs in 1872 and he built the dwelling house thereon.   March 1, 1876, after the house was built, Coombs gave a warranty deed of the land to Moses Webster.   That deed recited a consideration of $100, and contained the following clause immediately after the description of the land:  "This consideration does not include the buildings standing thereon."   The title to the land has passed to the defendant.   The plaintiff claims title to the dwelling house under a bill of sale of it from the widow and children of Coombs dated November 25, 1913.   His contention is that the house was excepted from the conveyance to Webster under the clause quoted, and the construction of that clause is the real question presented.

The literal meaning of the clause is not uncertain.   The consideration named in the deed did not include the value of the buildings thereon.   Did the parties use the words of the clause literally, desiring for some reason to have it appear in the deed that the value of the buildings was not included in the $100 named in the deed as the consideration?   Or did they insert the clause to make an exception of the buildings from the conveyance?   It is an established principle that where the language in a deed, claimed to have been used to make an exception or reservation, is doubtful, it is to be construed most strictly against the grantor and most favorably for

the grantee. *Kuhn* v. *Farnsworth,* 69 Maine, 404; *Wellman* v. Churchill, 92 Maine, 193, 195. In this case the words of the clause in question certainly admit of much doubt as to whether they were used to express an intention of the parties that the dwelling house then constructed on this small lot of land conveyed was to be retained by the grantor and not pass to with the land. To give them that intendment would indeed require some constructive strain, which is not permitted in favor of a grantor whose own words are the subject of construction. Moreover, the subsequent acts of the parties and of those claiming under them do not support the plaintiff's theory that the title to the dwelling house did not pass with the land, for the house was not removed from the land, but has remained thereon and been used as the chief part of the premises for a period of nearly forty years. The dwelling house was a part of the land described as conveyed in the deed, "it having been annexed to the soil by the act of Mr. Coombs," as stated by the learned counsel for the plaintiff. If Mr. Coombs did not intend for the dwelling house to pass under his conveyance of the land of which it was a part it was incumbent upon him to so provide in his deed by language free from doubt and uncertainty. It would have been a simple matter for him to have done so. Not having done so, we think the clause in the deed now under consideration is not to be construed as expressing an intention of the parties to the conveyance, that the title to the dwelling house on the land conveyed was retained by the grantor.

This conclusion, that the dwelling house was not excepted from the conveyance, necessarily defeats the plaintiff's claim of title, and renders it really unnecessary to pass upon the plaintiff's other exception to the admission of certain evidence, but we will briefly consider the question there raised.

It appears by the bill of exceptions that the materials and labor for erecting the buildings in question were funished by the Bodwell Granite Company of Vinalhaven in 1874 to the amount of $610 and charged on the books of that company, in the first instance, against "Coombs House," and subsequently charged against Moses Webster's personal account with that company, of which he was vice-president, and he paid the charge. The book-keeper who made those entries on the books of the company is dead, but the handwriting of the

entries was identified as his. The books were shown to have been kept in the ordinary and regular course of business of the company, and to have been produced from the proper custody. These entries in the books of the Bodwell Granite Company relating to the charges against the "Coombs House" for materials and labor furnished in its construction, and the subsequent charges of the same to Mr. Webster and his payment thereof, before the deed to him from Coombs, was offered by the defendant, and admitted against objection, as tending to show a reason for the clause in question being inserted in the deed with its literal signification.

We think the entries admitted were material and competent. They were contemporaneous entries made in the books of a large business corporation, regularly kept in the ordinary course of its business, by a person now deceased whose duty it was to make the entries, and who had knowledge of the subject matter entered, and whose situation excludes all presumption of his having any interest to misrepresent the fact by a false entry. *Lord* v. *Moore*, 37 Maine, 208. In the recent case of *Arnold* v. *Hussey*, 111 Maine, 224, the rule for the government of the admission of this class of evidence is fully discussed and the decisions of our own court in enunciating and supporting it collated. We need only refer here to that decision, and to the decisions therein referred to, to show that the entries in the books of the Bodwell Granite Company admitted as evidence in the case at bar were admissible.

Finding no merit in any of the plaintiff's exceptions, the entry will be,

*Exceptions overruled.*